IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| JORGE TOMAS DE PAZ-ESCOBAR; ANTONIO DE JESUS, RICARDO CABRERA-GALLARDO; PEDRO HERNANDEZ; EVERADO LIZARRAGA-QUINTERO, | ) ) ) ) ) ) | Civil Case No. 07-895-KI OPINION AND ORDER |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| KENNETH MUSKEVITSCH; ROSEBUD CONSTRUCTION, INC., an Oregon corporation; NORTHRIDGE REMODELING CO., an Oregon corporation; AB & KH CONSTRUCTION LLC, an Oregon limited liability company, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

D. Michael Dale
Law Office of D. Michael Dale
P. O. Box 1032
Cornelius, Oregon  97113-1032

Page 1 - OPINION AND ORDER

Meg Heaton
Northwest Workers' Justice Project
917 S. W. Oak Street, Suite 426
Portland, Oregon  97205-2837

      Attorneys for Plaintiff

Frederic E. Cann
Cann Lawyers
1300 S. W. Fifth Avenue, Suite 2750
Portland, Oregon  97201-5617

      Attorney for Defendant Northridge Remodeling Company

Kenneth Muskevitsch
P. O.  BOX 3
Molalla, Oregon  97038

      Pro Se Defendant

KING, Judge:

Plaintiffs Jorge Tomas De Paz-Escobar, Antonio de Jesus, Ricardo Cabrera-Gallardo, Pedro Hernandez, and Everado Lizarraga-Quintero seek overtime minimum wages and penalties under the Fair Labor Standards Act ("FLSA") and Oregon Wage and Hour laws.  They have sued Kenneth Muskevitsch, Rosebud Construction, Inc., Northridge Remodeling, Co., and AB & KH Construction, LLC.  Before the court is Northridge's Motion to Dismiss, which it filed on behalf of Muskevitsch and Rosebud (# 47).

## BACKGROUND

Plaintiffs allege that they worked for defendants during January, February and March of 2006 performing work in housing construction.  They allege defendants did not pay overtime

Page 2 - OPINION AND ORDER

wages, did not pay minimum wage, did not pay them upon termination of their employment, and did not pay the agreed-upon hourly wages.

Northridge filed an answer, counterclaims and cross claims against the other defendants. Northridge states in its answer that it was hired to build a single-family residence in Washington County, Oregon.  It hired AB & KH as an independent contractor to perform the framing work. AB & KH engaged Rosebud and/or Muskevitsch to perform the framing work.  Plaintiffs were the framing crew.  Northridge also alleges that plaintiffs brought claims against Rosebud before the Oregon Construction Contractors Board.  After filing the pending Motion to Dismiss, counsel for Northridge withdrew.  As a result, Northridge is unable to participate in this litigation.[1]

Muskevitsch and Rosebud also filed an answer.  Their counsel, however, also withdrew leaving the corporation unable to participate in this litigation.  Muskevitsch represents himself.

AB & KH did not file an answer.  Plaintiffs obtained an order of default against AB & KH on January 11, 2008.

Northridge filed the pending Motion to Dismiss on behalf of Muskevitsch and Rosebud, in response to plaintiffs' Motion for Default against Rosebud and Muskevitsch.  It explains that it did so because "there is strategic benefit to be gained by having Mr. Muskevitsch present as a witness rather than as a defendant."  Northridge Mot. at 2.  In addition, it noted that its motion raises questions about this court's jurisdiction to entertain the litigation.

In support of the Motion to Dismiss, Northridge submitted two declarations prepared by Muskevitsch.  In these declarations, Muskevitsch explains that he dealt with AB & KH, which

---

[1]"A corporation may appear in the federal courts only through licensed counsel." Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993).

hired Rosebud to frame a house.  He explains that he obtained materials from the AB & KH

representative "99% of the time."  He states that neither Rosebud nor he, together, have ever had

a gross income of $500,000 or more in a calendar year or in four consecutive calendar quarters,

nor have they ever had, together, gross income of $125,000 or more in any calendar quarter.

## LEGAL STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1)

addresses the court's subject matter jurisdiction.  The party asserting jurisdiction bears the

burden of proving that the court has subject matter jurisdiction over his claims.  Kokkonen v.

Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).  A Rule 12(b)(1) motion may

attack the substance of the complaint's jurisdictional allegations even though the allegations are

formally sufficient.  St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).

## DISCUSSION

Northridge argues that no federal jurisdiction exists for claims against Muskevitsch and

Rosebud.  Northridge argues the federal claim under the FLSA fails because Rosebud is not (a)

an employer in interstate commerce, or (b) an "enterprise" with at least $500,000 annual gross

sales.  See 29 U.S.C. §§ 206(a), 203(r) and (s).[2]  Northridge contends that under the first prong,

---

[2]**§ 206.  Minimum wage (a) Employees engaged in commerce;** . . . Every employer
shall pay to each of his employees who in any workweek [i] is engaged in commerce or in the
production of goods for commerce, or [ii] is employed in an enterprise engaged in commerce or
in the production of goods for commerce, wages at the following rates . . . .

 **§ 203.  Definitions (r)(1)**  "Enterprise" means the related activities performed (either
through unified operation or common control) by any person or persons for a common business
purpose, and includes all such activities whether performed in one or more establishments or by
one or more corporate or other organizational units . . . , but shall not include the related
activities performed for such enterprise by an independent contractor.

 **(s)(1)** "Enterprise engaged in commerce or in the production of goods for commerce"
means an enterprise that –

the case law demonstrates that Rosebud is not an employer in interstate commerce; in the words

of the statute, it is not an employer "engaged in commerce" or in the "production of goods for

commerce."  Relying primarily on a case involving workers constructing a new dam, it contends

that residential home construction does not meet the statutory criteria.  Mitchell v. H.B. Zachry

Co., 362 U.S. 310, 319-21 (1960) (dam not a "facility of 'commerce' nor a facility of

'production'" and construction not "'closely related' or 'directly essential' to production for

commerce").

On the second prong, Northridge concedes that the framing crew handled lumber that

moved in interstate commerce, thus meeting one of the criteria for qualifying as an "enterprise,"

but it provides the declaration of Muskevitsch that neither he nor Rosebud ever grossed $500,000

in any calendar year or rolling quarter year.

Finally, Northridge argues the remaining claims against Muskevitsch and Rosebud are

state law claims, and suggests the court should decline to exercise jurisdiction over such claims.

Plaintiffs respond that the motion to dismiss is in the nature of a motion for summary

judgment, since it relies on facts outside the pleading.  As a result, it is premature since the

parties have not completed discovery.  Plaintiffs argue it is unable to present by affidavit all the

facts necessary to resolve the issue, although counsel does not identify what those facts would be.

Plaintiffs also argue that the court has jurisdiction over Northridge under the FLSA, that

Northridge does not argue to the contrary, and so, even if the court has no FLSA jurisdiction over

_____

       **(A)(i)** . . . has employees handling, selling, or otherwise working on goods or
materials that have been moved in or produced for commerce by any person; and
       **(ii)** is an enterprise whose annual gross volume of sales made or business done is
not less than $500,000 . . . .

Muskevitsch and Rosebud, the court can continue to exercise supplemental jurisdiction over the Oregon Wage and Hour and breach of contract claims against Muskevitsch and Rosebud.

Finally, plaintiffs contend that Rosebud is an "enterprise" under the terms of the statute. Plaintiffs assert that Northridge does not contest that it meets the $500,000 threshold and, because Rosebud's work was integral to the overall task of constructing the house, Rosebud is part of the larger "enterprise" covered by the statute. As a result, Rosebud is subject to the FLSA.

Relatedly, plaintiffs argue that Rosebud is not subject to the exemption from the definition of "enterprise" for "independent contractors." In determining whether the company is an independent contractor, the Department of Labor explains,

> The essential test in each case will be whether such services are performed "for" the enterprise by an independent, separate enterprise, or whether the related activities are performed for a common purpose through unified operation or common control. In the latter case the activities will be considered performed "by" the enterprise, rather than "for" the enterprise, and will be a part of the enterprise. The distinction in the ordinary case will be readily apparent from the facts. In those cases where questions arise a determination must be made on the basis of all the facts in the light of the statute and the legislative history.

29 C.F.R. § 779.223(c). Examples of independent contractors provided in the regulation are: repair services, window cleaning, transportation, warehousing, collection services, independent accounting firms, sign services, or advertising services.

I agree with plaintiffs that I am unable to resolve the question of whether Rosebud is an "enterprise" under the FLSA such that this court has subject matter jurisdiction over it at this time. Questions remain as to whether Rosebud would be considered an "enterprise" by virtue of its relationship with Northridge. First, despite plaintiffs' assertion that Northridge "does not

Page 6 - OPINION AND ORDER

contest" that it is an enterprise under the statute, I have no statement of Northridge's position one

way or the other.  Pls.' Reply at 5.  Indeed, I cannot find, as plaintiffs suggest, that "Northridge

does not contest that it meets the threshold of $500,000 in gross receipts."  Id. at 6.  As a result, I

cannot make a finding that Northridge by itself qualifies as an "enterprise."

      Second, I have insufficient information to make a finding that Rosebud is not engaged in

"related activities" performed through a "unified operation" or "common control" for a "common

business purpose" with Northridge.  As indicated in the footnote above, "[e]nterprise" means

> the related activities performed (either through unified operation or common
> control) by any person or persons for a common business purpose, and includes all
> such activities whether performed in one or more establishments or by one or
> more corporate or other organizational units . . . , but shall not include the related
> activities performed for such enterprise by an independent contractor.

29 U.S.C. § 203(r)(1).  This analysis involves questions of fact–for example, who was in control

at the site–and I have insufficient information to make that decision as a matter of law.

      Finally, a separate but related question remaining is whether Rosebud qualifies as an

independent contractor under the statute.

      Nevertheless, even were I to find that Rosebud is not subject to the FLSA, I would

exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. §

1367.  The allegations of Oregon wage and hour violations are "so related" to the FLSA claims

against Northridge and AB & KH "that they form part of the same case or controversy."  28

U.S.C. § 1367(a).  All the claims seek payment for the work the framing crew did constructing

single-family housing.  Furthermore, none of the exceptions to supplemental jurisdiction apply

here:  plaintiffs do not raise a "novel" issue of state law, their claims against Rosebud and

Muskevitsch do not "substantially predominate[]" over the FLSA claims, I have not dismissed

Page 7 - OPINION AND ORDER

the FLSA claims, and there are no "other compelling reasons for declining jurisdiction." 28

U.S.C. § 1367(c).

## CONCLUSION

Based on the foregoing, I deny Northridge's Motion to Dismiss Plaintiffs' Claims Against

Defendants Muskevitsch and Rosebud (# 47).

IT IS SO ORDERED.

Dated this _____22nd_____ day of April, 2008.


____/s/ Garr M. King_____
Garr M. King
United States District Judge